(No. 13168.—Cause transferred.)
J. C. Ross, Plaintiff in Error,. *vs.* GEORGE B. MASTON, Defendant in Error.

*Opinion filed April 21, 1921—Rehearing denied June 8, 1921.*

APPEALS AND ERRORS—*bill to enjoin collection of alleged void judgment does not involve constitutional question of due process of law.* A bill to enjoin the collection of a judgment on the alleged ground that the judgment is void for want of jurisdiction of the person does not involve a constitutional question upon the theory that the taking of property under the judgment will be without due process of law, where the only question involved is whether the judgment is, in fact, void.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

O. M. JONES, and A. R. HALL, (HALL & HOLADAY, of counsel,) for plaintiff in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error filed his bill in equity seeking to enjoin the collection of a certain judgment which he contends is void as against him. The only question in dispute is

the validity of this common law judgment of the circuit court of Vermilion county obtained by the defendant in error against plaintiff in error upon a verdict of a jury for the sum of $320. Upon an affirmance of that judgment by the Appellate Court, plaintiff in error, who contended there and contends here that neither the circuit court nor the Appellate Court had jurisdiction over him, sought by his original bill of complaint to enjoin the collection of said judgment. While the original bill was pending suit was brought upon the bond of plaintiff in error and judgment was secured against the sureties thereon and was paid by them. Plaintiff in error thereupon filed his amended and supplemental bill setting out these facts and praying that defendant in error be enjoined from disposing of the money received by him through his judgment on the bond and that the original judgment and the judgment on the bond be declared void. The circuit court dismissed the amended and supplemental bill of complaint for want of equity, and the plaintiff in error brings the cause here on writ of error.

There is no question of franchise, freehold or revenue involved in the case. Plaintiff in error contends, however, that he has a right to have the cause reviewed here in the first instance, for the reason that the judgment is void and because it is sought under such void judgment to take his property without due process of law. The question involved in the case, however, is not whether a void judgment is due process of law, but whether or not the judgment under which it is sought to take his property is a void judgment. This is not a constitutional question.

There being no question involved which gives this court jurisdiction, the cause is transferred to the Appellate Court for the Third District.          *Cause transferred.*